IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JESSE WAYNE SKIPPER, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:12-CV-648-WHA ) [WO] |
| JAY JONES, SHERIFF LCSO, *et al.*, | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Plaintiff complains that Defendants failed to protect him from an inmate assault during his incarceration at the Lee County Detention Facility in Opelika, Alabama.[1]  Plaintiff names as defendants Sheriff Jay Jones, Major Clay Torbert, Captain Corey Welch, and Corporal Delores Cooper.[2]  Plaintiff seeks damages for the alleged violations of his constitutional rights.  *Doc. No. 1*.

Defendants filed an answer, special report, and supporting evidentiary materials addressing Plaintiff's claims for relief.  In these documents, Defendants argue this case is due to be dismissed because prior to filing this cause of action Plaintiff failed to properly exhaust an administrative remedy available to him at the Lee County Detention Center regarding the claims

---

[1] Since filing this action Plaintiff has been released from custody.

[2] Plaintiff also named Lieutenant Williams as a defendant. Defendants filed a notice to quash service on this individual noting that an employee of the Lee County Sheriff's Office had inadvertently accepted service for "Lt. Williams." Defendants affirmed that "Lt. Williams" was not employed by Sheriff Jones in any location or in any capacity and was not so employed on November 2, 2012, when service was made. Plaintiff was granted an opportunity to furnish the clerk's office with a correct address for Defendant Williams but failed to do so. Therefore, service of the complaint was not effected on this individual in accordance with Rule 4(m), *Federal Rules of Civil Procedure*.  *See Doc. Nos. 20, 21, 22*.  Plaintiff's claims against "Lt. Williams" are, therefore, subject to dismissal without prejudice as service was not been perfected on this individual in accordance with applicable procedural rules.

1

in the complaint. *Doc. No. 31* at 10-12.  Defendants base their exhaustion defense on Plaintiff's failure to file a grievance and/or grievance appeal regarding the claims. *Id*.

The court provided Plaintiff an opportunity to file a response to Defendants' report in which he was advised to "specifically address Defendants' argument that he [] failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action. *Doc. No. 32* at 1. Plaintiff filed a response to this order within the time allowed by the court. *Doc. No. 42*.

"[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, 587 Fed. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant'' "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies...."). Therefore, the court will treat Defendants' report as a motion to dismiss.

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e regarding exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's

> amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison ... must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Court has, therefore, determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed. App'x 364, 366 (11th Cir. 2012). The court will "resolve this issue first." *Id*.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir.2008) (*citing Bryant*, 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id*. (*citing Bryant*, 530 F.3d at 1373-74, 1376)." *Myles*, 476 Fed. App'x at 366. A district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See [Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits,

and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 Fed. App'x at 535.

Upon review of the complaint, Defendants' dispositive motion and Plaintiff's response, the court concludes that Defendants' motion to dismiss is due to be granted.

### III. DISCUSSION

On August 27, 2010, at approximately 10:30 p.m. Plaintiff and another inmate engaged in a physical altercation in the 300 pod block of the Lee County Detention Center. The inmate assaulted Plaintiff with a county-issued razor blade causing him injuries which required hospitalization. At the time of the incident, the cell do-ors were unsecured. Plaintiff contends that Defendants failed to protect him from the assault because of their gross and willful neglect and indifference and their negligent failure to watch and secure the 300 pod block. *Doc. No. 1* at 2-3.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal

court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325; *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Id*. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. *Id*. at 83-84; *Bryant,* 530 F3d at 1378 (quoting *Johnson v. Meadows*, 418 F3d 1152, 1158 (11th Cir. 2005) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson*, 418 F.3d at 1157 (inmate who files an untimely grievance or spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 Fed. Appx. 81, 83 (11th Cir. 2012) (*per curiam*).

It is undisputed that the Lee County Detention Center provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. *Doc. No. 31, Jones Affidavit, Exh. E*. The grievance procedure allows an inmate to submit grievances to jail personnel regarding matters/conditions occurring at the detention center. *Id.* The relevant portion of the grievance procedure provides that an inmate may file a grievance on an inmate request form. *Id. Exh. E.* Grievances are investigated and answered within 72 hours of the time the grievance is received, excluding weekends and holidays. Grievances are first answered by the staff at the lowest level in the chain of command. *Id.* If an inmate is not satisfied with the first answer to his grievance, he may appeal the response by sending a further grievance to the next staff person in the chain of command which should include a copy of the initial grievance. *Id.* An inmate may continue to grieve the issue by sending it through the chain of command up to the Sheriff who makes the final decision. *Id.*

The record establishes that the Lee County Detention Center provides a grievance procedure for inmate complaints which is available to all detention center inmates including Plaintiff during his confinement at the facility during the relevant time period. Plaintiff does not challenge the availability of a grievance procedure at the jail. The grievance procedure allows an inmate to file a grievance addressing actions occurring or conditions present in the detention center by submitting an inmate request form and stating the basis for the grievance. Defendants maintain that Plaintiff's jail file contains no inmate grievance and/or any appeal of a grievance regarding the incident alleged in the complaint nor did Plaintiff voice any complaints to Defendants or other facility personnel about such matter. *See Doc. No. 31*, *Cooper, Jones, Tolbert, and Welch Affidavits and Exhs. E, F, G*.

Regarding his failure to file a grievance in accordance with the grievance procedure, Plaintiff argues that to avoid costly and timely litigation he wrote a request form to Defendant Welch on October 2, 2010. After two weeks went by and he had not received a response, Plaintiff states he sent a request form to Defendant Torbert who did not respond. Around November 1, 2010, Plaintiff wrote to Defendant Jones indicating that the Lee County Sheriff's Department was liable for his injuries and demanding compensation. Plaintiff also informed Defendant Jones he had been unsuccessful in reaching an agreement with Defendants Torbert and Welch and that he had received no response from them. *Doc. No. 42* at 3-4. Despite his efforts at attempting to comply with the administrative remedy available at the county detention facility, Plaintiff maintains that "all request forms pertaining to the August 27, 2010, incident were purposefully misplaced, thrown away, or hidden from the Court and the Plaintiff in an effort to have Plaintiff's complaint dismissed in the initial stages." *Doc. No. 42* at 3-4, 7. Plaintiff also challenges Defendants' failure to comply with the directives in their own grievance procedure noting that the inmate request form submitted by Defendants in support of their dispositive motion reflects that it bears no time or date stamp, it is not signed by a staff member, it is not approved or disapproved, and it contains no response. *Id.* at 7-8. While the content of this request form appears to contain neither a request nor a grievance-it simply reflects written authorization by Plaintiff to release any personal property to his wife-notably, Plaintiff acknowledges this inmate request form was copied and kept on file at the jail. *Doc. No. 42* at 8. Although Plaintiff's and Defendants' allegations conflict, Plaintiff's allegation he was impeded in his effort to exhaust administrative remedies is assumed to be true for purposes of this Recommendation. *Turner v. Burnside, supra*.

The court turns to the second *Turner* step where Defendants bear the burden of establishing a lack of exhaustion. Defendants' evidence establishes that the Lee County Detention Center provides a procedure for inmates who wish to submit a grievance regarding conditions at the detention center. Inmate grievance and request forms are available to inmates at the jail, inmate grievances are answered within a designated time frame, and if the inmate is dissatisfied with the response he or she receives, the inmate may appeal in writing to the next higher level in the chain of command in the Sheriff's Office. Plaintiff's evidence has not successfully rebutted this showing that a grievance process was available at the Lee County Detention Center during the time of his incarceration. Plaintiff's conclusory assertion he wrote request forms that went unanswered and that his request forms pertaining to the incident about which he complains were hidden, misplaced, and/or thrown away, fails to overcome Defendants' evidence showing that a grievance system was available at the facility for Plaintiff's claims and that he failed to exhaust properly the administrative remedy available to him. *See Brewington v. Daniels*, 2012 WL 6005780 *4-5 (M.D. Ala. 2012) (inmate's conclusory assertion he complied with grievance procedures but medical staff failed to timely respond to his initial medical grievance insufficient to overcome Defendants' evidence showing that a grievance system was available for Plaintiff's claims); *White v. Tharp*, 2008 WL 596156 *10 (D. Colo. Feb. 29, 2008) (Inmate failed to demonstrate exhaustion of available administrative remedies by failing to provide copies of his grievances to the court or any actual evidence that would allow the court to conclude that they were filed); *Maclary v. Carroll*, 142 Fed.Appx. 618, 620 (3rd Cir. 2005) (inmate's unsupported conclusory allegations he filed grievances which went unanswered and unprocessed were insufficient to overcome defendants' evidence he failed to exhaust available administrate remedies).

The court has carefully reviewed the pleadings, documents, and records filed and finds that Plaintiff has failed to make a colorable showing he exhausted properly his administrative remedies and/or demonstrated that he was denied access to those administrative remedy procedures. The undersigned finds there is no dispute of material fact that Plaintiff failed to exhaust properly his administrative remedies regarding his failure to protect claim. *See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). The pleadings filed by Plaintiff further establish that he initiated this cause of action after his transfer to the state prison system. It is, therefore, clear that Plaintiff's access to the grievance procedure ceased prior to filing this case and that the administrative remedy provided by Defendants is no longer available to him. The court, therefore, concludes that Plaintiff's complaint is subject to dismissal with prejudice as he failed to exhaust properly an administrative remedy available to him which is a precondition to proceeding in this court on this claim. *Woodford*, 548 U.S. at 87–94. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable). Defendants' motion to dismiss for failure to exhaust is due to be granted. *Woodford*, 548 U.S. at 87-94.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendant Williams be DISMISSED without prejudice for failure to effect service on this individual in accordance with applicable procedural rules;

2.  Defendants' motion to dismiss (*Doc. No. 31*) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Lee County Detention Center prior to initiating this cause of action;

3.  This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy available to him at the Lee County Detention Center; and

4. No costs be taxed.

It is further

ORDERED that **on or before August 21, 2015**, the parties may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings in the Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982*).  See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*),

adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done, this 5th day of August 2015.

                                            /s/Terry F. Moorer
                                          TERRY F. MOORER
                                          UNITED STATES MAGISTRATE JUDGE